# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK L. AMIE,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>RICHARD KIRKLAND, Warden,<br><br>　　　　　　Respondent. | 1:07-cv-00962 AWI-TAG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 24)<br><br>ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 11)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 4)<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On February 18, 2009, the Magistrate Judge assigned to the case filed findings and recommendations recommending that Respondent's motion to dismiss be granted and that the petition for writ of habeas corpus be dismissed for Petitioner's failure to comply with 28 U.S.C. § 2244's one-year limitation period. (Doc. 24). The findings and recommendations were served on all parties and contained notice that any objections were to be filed within twenty days from the date of service of that order. To date, the parties have not filed timely objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes that

1

the Magistrate Judge's findings and recommendations are supported by the record and proper analysis.

A habeas petitioner must secure a certificate of appealability where "the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). The Ninth Circuit has construed this language to hold that a certificate of appealability "is not required when a state prisoner challenges an administrative decision regarding the execution of his sentence." White v. Lambert, 370 F.3d 1002, 1010 (9th Cir. 2004). Thus, the district court looks at who made "the detention decision complained of by the state prisoner," an administrative body or a judicial one, in determining whether a certificate of appealability is required. Id. Thus, where, as here, the "target" of a petitioner's petition is the Department of Corrections and Rehabilitation for an adverse finding at a prison disciplinary hearing, any negative consequences of that hearing are the result of an administrative decision "regarding the execution of his sentence," rather than a result of "process issued by a State court," and therefore no certificate of appealability is required. Id. at 1012-1013.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed February 18, 2009 (Doc. 24), are ADOPTED IN FULL;
2. Respondent's Motion to Dismiss (Doc. 11), is GRANTED;
3. The Petition for Writ of Habeas Corpus (Doc. 4), is DISMISSED; and
4. The Clerk of Court is DIRECTED to ENTER JUDGMENT and close the file.

This order terminates the action in its entirety.

IT IS SO ORDERED.

**Dated:   March 24, 2009**           /s/ Anthony W. Ishii
                                CHIEF UNITED STATES DISTRICT JUDGE